### ROGERS *et al. v.* NEW YORK & T. L. CO.

*(Supreme Court, General Term, First Department.* June 19, 1888.

1. CORPORATIONS—STOCKHOLDERS—RIGHT TO SUE.

Plaintiffs brought an action against a corporation in behalf of themselves and all other stockholders and scripholders of the company similarly situated. *Held,* that it was in behalf of those who were either stockholders or scripholders, and was not confined to those who were both stockholders and scripholders, and as it was conceded that no cause of action was alleged on behalf of the stockholders a demurrer on that ground should have been sustained.

2. SAME—CONTRACTS—ISSUE OF SCRIP—ACTION BY SCRIPHOLDERS—DAMAGE.

A complaint against a land company in an action brought by its scripholders, alleging that defendant issued its scrip on an agreement that it should be received for 75 per cent. of the price of lands sold by the company, at its regular selling rates; that said company has refused to receive its scrip in payment for lands at the prices for which such lands would be sold to all cash purchasers, and had inserted in its contracts for the sale of lands stipulations that no part of the purchase price should be paid in scrip,—does not state a cause of action, as it does not appear that plaintiffs have been damaged, or that defendant·has refused to receive from them scrip for lands purchased by them at its regular selling rates.

3. SAME—REISSUE OF SCRIP BOUGHT IN.

Certain scripholders brought suit against a land company, alleging that the corporation became owner of over 5,000,000 acres of agricultural lands and over 6,000 lots; that, in consideration therefor, it issued scrip to the amount of $6,000,000, besides its capital stock, with the agreement that the scrip should be received for 75 per cent. of the price of its lands sold at its regular selling rates, or it might be redeemed in cash out of the surplus fund of the company; that the company had purchased and retired $3,000,000 of this scrip, and had purchased $1,125,000 more, which it was threatening to distribute among its stockholders as a dividend, and asked that it be enjoined from so doing. *Held,* that the complaint stated a good cause of action, as the land was pledged for the redemption of the scrip, and the security would be impaired by the reissue of any which had been purchased.

Appeal from special term, New York county; GEORGE P. ANDREWS, Justice.

Action brought by Jacob S. Rogers, Thomas Denny, and J. Kennedy Tod against the New York & Texas Land Company, Limited. This is an appeal from an interlocutory judgment overruling a demurrer to the complaint. The complaint states that it is brought on behalf of plaintiffs "and all other stockholders and scripholders of the New York & Texas Land Company, Limited, similarly situated." Its allegations are substantially·as follows: The defendant is a domestic corporation, and each of the plaintiffs is the owner and holder of certain amounts, both of the capital stock and of the land scrip issued by defendant. When the company was organized, it issued capital stock for $1,500,000, and scrip to the amount of $6,000,000, distributed among the original stockholders. Prior to the formation of this company the Inter-

national & Great Northern Railroad Company of Texas owned certain property, which was covered by mortgages. These mortgages were foreclosed, and the property sold, and part of this property, consisting of certain lands, land grants, and stock in a land company, was accepted by the holders of these mortgage bonds, in full satisfaction of all their claims against said railroad company. By direction of the bondholders, a committee, acting on their behalf, organized the defendant corporation in order that these lands might be transferred to it, and the bondholders receive certain interests in the corporation in consideration therefor. In pursuance of these plans, the committee organized the corporation, and it was agreed between the committee and corporation that the said lands and land grants should be transferred to it in consideration of its capital stock and of land-scrip to be issued by the corporation, which "should be receivable in payment of lands of the company, to the extent of 75 per cent. of the selling price." The bondholders were induced to receive this stock and scrip by the purchasing committee, on the representation that, as the property of the new company would greatly exceed in value the amount of its capital, it was advisable that the corporation should issue scrip to its stockholders, *pro rata*, entitling them to an amount of land corresponding to this excess. (The precise paper issued by the purchasing committee, annexed to the complaint, shows that the scrip was "to be receivable in payment of 75 per cent. of the price of its lands, at its regular selling rates, with an option to the company to retire the scrip from time to time by the payment of its par value, and liberty to purchase it out of the company's surplus funds.) Under this agreement defendant became possessed of about 5,000,000 acres of agricultural lands, and over 6,000 town lots. The complaint then charges that "the said defendant has steadily pursued a policy, through its board of directors, since its organization, of depreciating the said scrip, and of refusing to accept the said scrip in payment for the lands of the said company, at the prices for which the said lands would be sold to purchasers who offer to pay all cash for said lands; that the said company has inserted in its contracts of sale of lands that no part of the purchase price should be paid in scrip, and has taken notes to a very large extent in payment of sales of lands, and has insisted upon the insertion in said notes of a clause that they should not be paid in scrip of this defendant." The defendant has purchased and canceled its land scrip to the amount of over $3,000,000, and has purchased land-scrip in par value of $1,125,000, which it is about to distribute to its stockholders *pro rata.* The demand for judgment is (1) that the defendant be enjoined from issuing to its stockholders, or treating as valid, any land-scrip which is now in defendant's possession; (2) that the defendant be enjoined from making any dividend to its stockholders out of the proceeds of land sold, so long as any of this land-scrip is outstanding; (3) that defendant be required to receive land-scrip for 75 per cent. of any price at which it may sell or have sold any lands, and for 75 per cent. of any obligations that it may have taken to secure the purchase price of lands sold; and that it be enjoined from refusing to accept its land-scrip as cash in all transactions connected with the sale of its lands to the extent of 75 per cent. To this complaint defendant demurred. The special term overruled the demurrer, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*T. G. Shearman* and *Redfield & Lydecker*, for appellant. *Davies & Rapallo*, for respondents.

VAN BRUNT, P. J. The complaint in this action states that the same was brought by the plaintiffs on behalf of themselves and all other stockholders and scripholders of the New York & Texas Land Company similarly situated. The defendants demurred upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action in favor of the plain-

tiffs as stockholders, and that the complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiffs as scripholders. It is conceded upon the part of the respondents that no cause of action in favor of the plaintiffs as stockholders is set out in the complaint. The respondents, however, claim in support of the decision of the court below overruling the demurrer generally that this action is not brought to enforce any rights of the plaintiffs as stockholders, or on behalf of any of the plaintiffs as scripholders, but that it is only brought on behalf of those who are stockholders and scripholders both. A consideration, however, of the language of the complaint does not bear out this construction. The action is brought on behalf of the plaintiffs and all other stockholders and scripholders similarly situated. It is clear that this language means precisely the same as though the allegation had been of all other stockholders or scripholders. Any persons who are entitled to relief under this complaint, whether stockholders or scripholders, could have come in and claimed the benefits thereof under the form of allegation; and it seems to us that this statement that the bill was only filed on behalf of those who were both stockholders and scripholders is an afterthought. But furthermore, if the bill was filed on behalf of the scripholders, the plaintiffs have no right to restrict its benefit to only those scripholders who happen to be stockholders also. If the bill is filed on behalf of a class to enforce the rights of a class, then every member of that class has a right to come in and enjoy its benefits upon contribution to the expenses of the litigation, whether he has some other qualification or not. Having this rule in view, it is evident that it was the intention of the pleader to file his bill on behalf of all stockholders and all scripholders. As has been said, it is conceded that no cause of action on behalf of stockholders has been set out, and therefore that part of the demurrer which relates to the setting out of a cause of action in favor of any stockholder of this corporation should have been sustained.

It is claimed that the complaint states two causes of action in favor of the plaintiffs as scripholders—*First*, the pursuance of a policy of depreciating the scrip; and, *secondly*, the proposal to reissue as a dividend scrip which the defendant had purchased. It is urged upon the part of the defendant that neither of these grounds is sufficient to maintain the action. The foundation of the first cause of action seems to be an allegation that the defendants have sold land for cash, and in their contracts have inserted a clause that scrip will not be received in discharge of deferred payments. These facts constituted no breach of the rights of the plaintiffs as scripholders, namely, that the corporation would receive, in payment of 75 per cent. of the price of its land sold at its regular selling rates, this scrip, because, in the first place, there is no allegation that these cash prices were the regular selling rates of the corporation. Nor does the complaint contain any allegation that the defendants have refused to accept scrip in payment of land purchased at the regular selling rates. Neither is it apparent that the plaintiffs have suffered any damage in that regard, or that they have ever been refused the purchase of lands upon the tender of scrip. The only manner in which the plaintiffs can establish an injury in this respect is by proving some act done by the corporation in breach of this contract, and this contract is not broken until some scripholder goes to the corporation for the purpose of buying lands, and tenders the scrip for 75 per cent. thereof. If the corporation refuses to sell upon these terms, at their regular selling rates, then a breach of the contract has taken place; but merely because, in the case of an outside purchaser for cash, they make a contract that nothing but cash shall be received, no breach of the rights of the scripholders or of the contract between the scripholders and the corporation is effectuated. There is no obligation or agreement whatever that the corporation shall receive in payment of the debts due from third parties scrip which should be purchased for that purpose. The contract is that they

.shall receive for the purchase of lands, at their regular selling rates, 75 per
·cent. in scrip, and that this scrip must be tendered at the time of the pur-
·chase of the lands seems to be apparent from the terms of the contract.
There is therefore no cause of action set out in the complaint whereby any
·damage is alleged to these plaintiffs as scripholders because of the refusal to
receive this scrip in payment for lands. The second alleged cause of action
:seems to rest upon a more substantial foundation. It is based upon the al-
legation that the company is about to issue as a dividend to its stockholders
:scrip which had been purchased from the proceeds of land which should
have been canceled and retired, and which is no longer an obligation of the
·defendant. It is urged in defense of the demurrer to this cause of action that
the scripholders have nothing to do with this matter; that it is entirely a
question for the stockholders; and that the stockholders sustained no injury
by the declaration of this scrip dividend. But it is not entirely a question
for the stockholders. If the corporation have right to reissue this scrip, by
way of dividends, or otherwise, then the scrip which, by the contract of the
·defendant, has been given to the scripholders is impaired by such reissue.
The claim that if the corporation have no right to reissue scrip as dividends
it is therefore void, and cannot be held as an obligation against the company
.in the hands of any purchaser, is no answer to this proposition, because that
necessitates the tracing out of every share of this scrip after receipt thereof
by the company in payment for lands. It is difficult to see how the scrip-
holder is going to impeach the title of any purchaser. This could only be
·done by the corporation, and the scripholders have no power to set the cor-
poration in motion. The lands are pledged to the redemption of this scrip.
The company is pledged to sell to the scripholder the land at its regular rates,
.receiving the scrip in payment of 75 per cent. of the purchase money. Any
proceeding upon the part of the corporation which increases the volume of
this scrip is an attack upon the integrity of this contract, and imperils the se-
·curity of the other scripholders. For example, there are so many millions of
.acres which can be purchased by six millions of scrip. One million acres of
that land is sold, and the purchase price received by the corporation. That
purchase price is devoted to the redemption of the scrip. Then the scrip is
reissued, and as a result the five millions remaining of the original scrip have
their security impaired by just the purchase price of the one million of scrip
which has been purchased and should have been retired. That this scrip be-
·came *functus officio* when purchased by the defendant seems apparent upon a
consideration of the agreement which defines the rights of the scripholders
and the corporation. The provision in the contract is that the scrip shall be
received in payment of 75 per cent. of the price of the lands of the company,
at its regular selling rates, with an option to the company to retire the scrip
from time to time by the payment of its par value, and liberty to purchase it
out of the company's surplus fund, under public notice and sealed proposals,
at the lowest price at which it may be offered. In other words, the corpora-
tion has a right to buy without public notice at par, but it cannot purchase
the scrip above par except upon public notice and sealed proposals. If it is to
be retired by the payment of its par value, it must necessarily be so retired
out of the company's surplus funds. If it is to be purchased at a premium,
the provision is that the purchase price shall be paid out of the same surplus
funds. The words "out of the surplus funds" evidently apply to both the
paragraphs of the agreement, and it is evident that the sole purpose of the
use of the company's funds was the retirement of this scrip, whether paid for
at par without notice, or above par upon public proposals. The whole idea
was that the surplus proceeds of the lands should be devoted to the re-
demption of these scrip certificates. It seems to us, therefore, apparent that
when the corporation purchased this scrip, it was for the purpose of retire-
ment under the tenor of this agreement, and that it had no power whatever

to revive it any more than it had the power to revive a debt which had already been extinguished by payment. Under these allegations of the complaint, therefore, the scripholders had a grievance which, if true, they had a right to restrain, and a cause of action in their favor was therefore set up. It consequently appears that the overruling of the demurrer upon the ground that no cause of action on behalf of the scripholders was stated in the complaint was correct. We think, therefore, that the judgment should be modified, sustaining the demurrer that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs as stockholders, and overruling the demurrer that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs as scripholders. The judgment as modified should be affirmed, without costs to either party.

BRADY and DANIELS, JJ., concur.